**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4308**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

COLBERT JUAN JONES, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:15-cr-00427-DKC-2)

Submitted: April 25, 2017                 Decided: April 27, 2017

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth E. McPherson, KENNETH E. MCPHERSON, CHTD., Riverdale, Maryland, for Appellant. Michael Thomas Packard, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Colbert Juan Jones, Jr., pled guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture containing cocaine, in violation of 21 U.S.C. § 846 (2012), and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court accepted the plea agreement and sentenced Jones to 120-month concurrent sentences pursuant to the agreement. On appeal, counsel for Jones filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning the validity of the guilty plea and whether proper sentencing procedures set forth in Fed. R. Crim. P. 32 were followed. Jones did not file a supplemental pro se brief despite notice of his right to do so. The Government elected not to file a brief.

Because Jones did not move to withdraw his guilty plea, we review his plea hearing for plain error, *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014), and find none. Before accepting a guilty plea the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed.

2

R. Crim. P. 11(b)(3). Our review of the plea hearing reveals that the district court complied with Rule 11.

When a defendant pleads guilty to a charged offense, Fed. R. Crim. P. 11(c)(1)(C) allows the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." When the parties reach such an agreement, "the court may accept the agreement, reject it, or defer" its decision until sentencing. Fed. R. Crim. P. 11(c)(3)(A). Although the court is free to accept or reject the plea agreement, the parties' agreed-upon sentence "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C). We find no error in the district court's acceptance of the agreement and imposition of the bargained-for sentence under Fed. R. Crim. P. 11(c) and in compliance with the procedures set out in Fed. R. Crim. P. 32(i).

In accordance with the requirements of *Anders*, we have examined the entire record and have found no meritorious issues. We therefore affirm the district court's judgment and deny counsel's motion to withdraw from representation. This court requires that counsel inform Jones in writing of his right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3